COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      James Doyle Collins, Jr. v. The State of Texas

Appellate case numbers:  01-17-00920-CR, 01-17-00921-CR, 01-17-00922-CR

Trial court case number:  76666-CR, 76667-CR, 76668-CR

Trial court:                     300th District Court of Brazoria County

On May 3, 2019, the Court issued the mandates in the above-referenced causes. On June 5, 2019, appellant, James Doyle Collins, Jr., filed an "Emergency Motion to Recall and Stay Issuance of Mandate or to Stay Enforcement of Mandate," seeking to recall the mandates and stay further issuances under Texas Rule of Appellate Procedure 18.2 because he intends to file petitions for writ of certiorari in the United States Supreme Court. *See* TEX. R. APP. P. 18.2. According to appellant, his petitions for writ of certiorari are due on or before June 27, 2019. *See* SUP. CT. R. 13.

On December 6, 2018, this Court issued its memorandum opinion and judgments in the above-referenced causes. Appellant did not file any motions for rehearing. Our plenary power expired on February 4, 2019. *See* TEX. R. APP. P. 19.1(a). On February 6, 2019, appellant filed petitions for discretionary review, which the Court of Criminal Appeals refused on March 27, 2019.

Texas Rule of Appellate Procedure 18.2 only allows this Court to stay the issuance of its mandates *prior to* their issuance; it provides no mechanism for the Court to recall its mandates or "to stay the execution of [its previously-issued] mandate[s]." *See* TEX. R. APP. P. 18.2. As previously noted, the Court issued the mandates in the above-referenced causes on May 3, 2019. Appellant's reliance on Texas Rule of Appellate Procedure 18.2 is misplaced.

Further, appellant cannot seek his requested relief under Texas Rule of Appellate Procedure 18.7. *See* TEX. R. APP. P. 18.7 (titled "Recall of Mandate"). This Court's plenary power expired on February 4, 2019. *See* TEX. R. APP. P. 19.1(a). After the expiration of its plenary power, this Court cannot vacate or modify its judgment. *See* TEX. R. APP. P. 19.3. Yet, Texas Rule of Appellate Procedure 18.7 only allows the Court to recall its mandates if it also vacates or modifies its judgments or orders after issuing its mandates. *See* TEX. R. APP. P. 18.7. Thus, Texas Rule of Appellate Procedure 18.7 does not allow the Court to recall its mandates in the instant case.

Accordingly, because the Court's plenary power has expired and the relief sought by appellant in his "Emergency Motion to Recall and Stay Issuance of Mandate or to Stay

Enforcement of Mandate" does not fall into one of the permitted post-plenary power actions that this Court may take, appellant's motion is **dismissed** for lack of jurisdiction. *See* TEX. R. APP. P. 19.3.

It is so ORDERED.


Judge's signature: _____/s/ Julie Countiss_____

☒ Acting individually    ☐ Acting for the Court


Date: __June 6, 2019__